UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
**ROGER EDWARD BUIE,**

                Plaintiff,

      **-** against **-**                             **MEMORANDUM**
                                                        **DECISION AND ORDER**
**ANDREW SAUL,**                                        2:19-CV-05242 (AMD)
Commissioner of Social Security,

                Defendant.

-------------------------------------------------------------------X
**ANN M. DONNELLY,** United States District Judge:

The plaintiff appeals the Social Security Commissioner's decision that he is not disabled for the purposes of receiving disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act. For the reasons that follow, I remand this action for further proceedings.

## BACKGROUND

On April 14, 2016, the plaintiff applied for DIB and SSI with an onset date of December 26, 2015, alleging disability because of brain surgery, seizures, "ear infection that spread to brain," balance issues, and memory loss. (Tr. 58-59, 174, 187). On June 8, 2018, Administrative Law Judge ("ALJ") Susan G. Smith held a hearing at which the plaintiff, represented by counsel, testified. (Tr. 35-57.) In an August 8, 2018 decision, the ALJ found that the plaintiff was not disabled during the period in question. (Tr. 10-24.) The ALJ determined that the plaintiff had severe impairments including post-surgery "residual hearing loss, isolated seizures, and occasional vertigo" caused by a craniotomy to treat a brain abscess, but that he was not disabled because his impairments—individually, or in combination—were not severe enough to meet or medically equal the criteria listed in the Social Security regulations. (Tr. 15-16.) The

1

ALJ found that the plaintiff's history of drug addiction and intravenous heroin abuse was not a severe impairment. (Tr. 16.)[1] Finally, the ALJ determined that the plaintiff had the residual functional capacity ("RFC") to perform medium work with some limitations, and that he could perform jobs that existed in the national economy. (Tr. 17, 23.)

The plaintiff appealed and on July 17, 2019, the Appeals Council denied the plaintiff's request for review. (Tr. 1-3.) The plaintiff filed this action on September 13, 2019 (ECF No. 1), and both parties moved for judgment on the pleadings (ECF Nos. 11, 14).

## LEGAL STANDARD

A district court reviewing a final decision of the Commissioner must determine "whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part*, 416 F.3d 101 (2d Cir. 2005). The court must uphold the Commissioner's factual findings if there is substantial evidence in the record to support them. 42 U.S.C. § 405(g); *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012). "'[S]ubstantial evidence' is 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). The court must defer to the Commissioner's factual findings when they are "supported by substantial evidence," but will not "simply defer[]" "[w]here an error of law has been made that might have affected the disposition of the case." *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004) (internal citations and quotation marks omitted). Thus, "[e]ven if the

---

[1] Because an individual cannot "be considered . . . disabled . . . if alcoholism or drug addition [is] a contributing factor material to the Commissioner's [disability] determination," 42 U.S.C. § 1382c(a)(3)(J), the disability analysis changes "[w]hen there is medical evidence of an applicant's drug or alcohol abuse[.]" *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012). In these cases, "[t]he critical question is whether the [agency] would still find the [plaintiff] disabled if [he] stopped using drugs or alcohol." *Id.* (internal quotation marks and alterations omitted).

2

Commissioner's decision is supported by substantial evidence, legal error alone can be enough to overturn the ALJ's decision." *Ellington v. Astrue*, 641 F. Supp. 2d 322, 328 (S.D.N.Y. 2009) (citing *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987)).

## DISCUSSION

The plaintiff challenges the ALJ's RFC determination, alleging that it was not supported by substantial evidence. (ECF No. 12 at 18-21.) A plaintiff's residual function capacity is "the most [he] can still do despite [his] limitations." 20 C.F.R. §§ 404.1545, 416.945. "[A]n ALJ must assess a claimant's exertional capabilities—which includes the ability to stand and carry—based on 'all of the relevant medical and other evidence[.]'" *Sanders v. Comm'r of Soc. Sec.*, 506 F. App'x 74, 77 (2d Cir. 2012) (summary order) (quoting 20 C.F.R. § 404.1545(a)(3)); *see also Colegrove v. Comm'r of Soc. Sec.*, 399 F. Supp. 2d 185, 192 (W.D.N.Y. 2005) (citing 20 C.F.R. §§ 404.1545(a), 416.945(a)) ("It is the responsibility of the ALJ to assess [the] plaintiff's residual functional capacity, based on all the relevant evidence in the case record."). Moreover, the ALJ "must discuss the relevant evidence and factors crucial to the overall determination with sufficient specificity to enable reviewing courts to decide whether its determination is supported by substantial evidence." *Estrada ex rel. E.E. v. Astrue*, No. 08-CV-3427, 2010 WL 3924686, at *3 (E.D.N.Y. Sept. 29, 2010) (quoting *Ramos v. Barnhart*, No. 02-CV-3127, 2003 WL 21032012, at *7 (S.D.N.Y. May 6, 2003)). "[F]ailure to specify the basis for a conclusion as to residual functional capacity is reason enough to vacate a decision of the Commissioner." *Lecler v. Barnhart*, No. 01-CV-8659, 2002 WL 31548600, at *6 (S.D.N.Y. Nov. 14, 2002) (citing *White v. Secretary of Health and Human Servs.,* 910 F.2d 64, 65 (2d Cir. 1990)).

The ALJ found that the plaintiff was capable of work at the medium exertional level, meaning that the plaintiff could lift 50 pounds at a time and frequently lift or carry objects that

3

weigh up to 25 pounds, as well as engage in a "good deal of walking or standing." *See* 20 C.F.R. §§ 404.1567(c) & (b), 416.967(c) & (b) ("If someone can do medium work, we determine that he or she can also do sedentary and light work."); *see also Trepanier v. Comm'r of Soc. Sec. Admin.*, 752 F. App'x 75, 79 (2d Cir. 2018) (quoting S.S.R. 83-10, 1983 WL 31251, at *6 (January 1, 1983)) ("'[b]eing able to do frequent lifting or carrying of objects weighing up to 25 pounds is often more critical than being able to lift up to 50 pounds at a time' for medium work"). This conclusion is entirely unsupported by specific evidence in the record.

Dr. Anthony Adamo, the plaintiff's treating neurologist provided the only opinion evidence in the record as to the plaintiff's exertional limitations. Dr. Adamo began treating the plaintiff for a seizure disorder in April of 2016, after the plaintiff was released from a three-month hospitalization following emergency brain surgery in December of 2015. (Tr. 272, 348.) Dr. Adamo treated the plaintiff for the next two years; he prescribed Keppra for the plaintiff's seizures and monitored the plaintiff's neurological recovery. (Tr. 347-84.)

On February 28, 2018, Dr. Adamo completed a "Seizure Medical Source Statement" in which he opined that the plaintiff was "[i]ncapable of even 'low stress' work," should "avoid physically laborious activity," and take "seizure precautions." (Tr. 385-88.) Dr. Adamo also opined that during a typical workday, the plaintiff could walk or stand for less than two hours, sit for two hours, and lift or carry ten pounds "occasionally" and less than ten pounds "frequently." (Tr. 387.)

The ALJ assigned "little" weight to this opinion. (Tr. 21.) She acknowledged Dr. Adamo's expertise in neurology and his lengthy treating relationship with the plaintiff, but concluded that "the record as a whole" did not support his opinions. (Tr. 22.) Specifically, she cited evidence that the plaintiff's condition had "improved" after his craniotomy and that his

4

neurological findings were "routinely normal." (*Id.* citing Tr. 275, 349, 354.) She also observed that the plaintiff's seizures were controlled with medication. (*Id.*) However, she did not explain why she discounted Dr. Adamo's opinion about the plaintiff's exertional limitations or point to any specific evidence in the record that contradicted this portion of Dr. Adamo's opinion.

"In the absence of a medical opinion to support the ALJ's finding as to [the plaintiff's] ability to perform [medium] work, it is well-settled that 'the ALJ cannot arbitrarily substitute [her] own judgment for competent medical opinion.'" *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (quoting *McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir. 1983)). In this case there is only one medical opinion—Dr. Adamo's—and it does not support a finding that the plaintiff can perform medium work.

This is not a case, as the defendant argues, where "the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity" without considering the treating physician's opinion. *See Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013). The medical evidence in the record focuses almost entirely on the plaintiff's neurological recovery following his craniotomy (Tr. 255-261, 279-82, 348-84), his multiple ear infections and headaches that led to a tympano-mastoidectomy in his left ear in September of 2016 (Tr. 300-01, 319-21), and his multiple hospitalizations because of heroin abuse (Tr. 331-47, 390-99). There is no objective medical assessment of the plaintiff's overall fitness or his ability to lift and carry. In addition, the state agency examiner did not determine the plaintiff's RFC (Tr. 64), nor did a consultative examiner assess the plaintiff's physical or mental limitations. "[W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d

5

75, 81 (2d Cir. 1998) (quoting *McBrayer v. Secretary of Health and Human Servs.,* 712 F.2d 795, 799 (2d Cir.1983)). The ALJ's RFC determination was not supported by substantial evidence; thus, remand is necessary.

Under the treating physician rule, "[i]f the ALJ is not able to fully credit a treating physician's opinion because the medical records from the physician are incomplete or do not contain detailed support for the opinions expressed, the ALJ is obligated to request such missing information from the physician." *Calzada v. Astrue*, 753 F. Supp. 2d 250, 277-78 (S.D.N.Y. 2010) (citing *Perez v. Chater,* 77 F.3d 41, 47 (2d Cir. 1996)); *see also Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000) ("For the ALJ to conclude that plaintiff presented no evidence of disability at the relevant time period, yet to simultaneously discount the medical opinion of his treating physician, violates [her] duty to develop the factual record[.]"). On remand, the ALJ should develop the record regarding the plaintiff's exertional limitations and consider whether it would be appropriate to refer the plaintiff for a consultative examination. *See* 20 C.F.R. §§ 404.1512(b), 416.912(b).

Additionally on remand, the ALJ should reassess the plaintiff's credibility in light of the record as a whole. In particular, the ALJ should consider the plaintiff's activities of daily living and the side effects of his seizure medication. *See* S.S.R. 16-3p, 2016 WL 1119029, at *10 (Mar. 16, 2016); *see also Stella v. Comm'r of Soc. Sec.*, No. 19-CV-01751, 2020 WL 5369057, at *2 (E.D.N.Y. Sept. 8, 2020) (citing 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv)) ("Social Security Rule 16-3p specifically requires proper consideration of the 'type, dosage, effectiveness,

and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms.'").[2]

## CONCLUSION

The plaintiff's motion for judgment on the pleadings is granted. The Commissioner's motion for judgment on the pleadings is denied. The case is remanded for further proceedings consistent with this opinion.

**SO ORDERED.**

                                                                                                                                            s/Ann M. Donnelly
                                                             _____
                                                            ANN M. DONNELLY
                                                            United States District Judge

Dated: Brooklyn, New York
         January 21, 2021

---

[2] The plaintiff also argues that the ALJ failed to account for his mental impairments at step two of her analysis. (ECF No. 12 at 28.) On remand, the plaintiff should provide evidence of these impairments so that the ALJ can consider them.

7